IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXA THOMAS**<br>*Plaintiff*<br><br>v.<br><br>**SHEET METAL WORKERS LOCAL UNION 19 et al.**<br>*Defendants* | Civil No. 24-1399 |

**MEMORANDUM**

**Costello, J.**                                                                                                        **August 6, 2025**

Plaintiff Alexa Thomas has sued Defendants Sheet Metal Workers' Joint Apprenticeship Training Fund of Central Pennsylvania ("Joint Apprenticeship Fund") and Sheet Metal Workers Local Union 19 ("Union") for discriminating against her because of her gender and disability while she was working as a sheet metal apprentice. Thomas claims that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). Defendants have moved to dismiss all of Thomas's claims. For the reasons that follow, the Court will grant Defendants' motions in part and deny them in part.

I.    BACKGROUND

Thomas claims she was employed as a sheet metal apprentice for the Joint Apprenticeship Fund and the Union from May 8, 2020 until September 7, 2022, when her apprenticeship was terminated. ECF No. 1 at ¶ 13. Thomas alleges that she experienced serious health conditions during her apprenticeship. *Id.* ¶ 33. Defendants reportedly reacted to her conditions with hostility, warning her that she would be laid off if she missed work for medical

reasons. *Id.* ¶¶ 33-34. In addition, Thomas alleges that she was subjected to sexual harassment and sexual assault. *Id.* ¶¶ 36-39. Thomas claims that she reported her mistreatment to Defendants. *Id.* ¶¶ 37-42. In response, Defendants purportedly terminated Thomas's apprenticeship for willful misconduct for not being present for all required hours. *Id.* ¶ 48. Thomas, however, alleges that Defendants terminated her apprenticeship because she reported the discrimination she experienced. *Id.* ¶¶ 55-57, 64-65, 71-73, 80-81.

Both the Joint Apprenticeship Fund and the Union moved to dismiss Thomas's claims. *See* ECF No. 12; ECF No. 14. First, both Defendants argue that Thomas's PHRA, Title VII, and ADA claims should be dismissed because Thomas failed to exhaust her administrative remedies. Second, both Defendants argue that Thomas's claims should be dismissed because Thomas failed to allege facts showing they were her employers. Third, both Defendants argue that Thomas's true employers were third-party contractors that Thomas worked with as an apprentice and that Thomas's claims should be dismissed because she failed to join them in this lawsuit.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A court can dismiss a plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff "fail[ed] to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the Court should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotation omitted).

When reviewing a Rule 12(b)(6) motion, the Court should consider the complaint and may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, the Court can consider "matters of public record." *See Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 780 (W.D. Pa. 2000), *aff'd* 276 F.3d 579 (3d Cir. 2001). For example, the Court may consider documents like Equal Employment Opportunity Commission ("EEOC") charges and other documents related to EEOC investigations as public records or as documents that are relied upon or integral to a complaint. *See Rogan*, 113 F. Supp. 2d at 782 (considering EEOC charge and related EEOC documents when resolving a motion to dismiss). The Court may also consider similar documents from state agencies like the Pennsylvania Human Relations Commission ("PHRC"). *See Paytas v. Kindred Hosp.-Pittsburgh-North Shore, LLC*, Civil Action No. 14-274, 2014 WL 1683276, at *2 (W.D. Pa. Apr. 29, 2014).

### B. Rule 12(b)(7)

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(7) if the plaintiff "fail[ed] to join a party under Rule 19." *See* Fed. R. Civ. P. 12(b)(7). When reviewing a Rule 12(b)(7) motion, the Court must accept the "allegations in the complaint as true and draw all reasonable inferences . . . in favor of the non-moving party." *See Pittsburgh Logistic Sys., Inc. v. C.R. Eng., Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). However, the Court may also "consider evidence outside the pleadings." *See id*. The moving party has the burden of showing that plaintiff failed to join a party under Rule 19. *See id.*

3

III.  DISCUSSION

    A.    12(b)(6) – Administrative Exhaustion Under the PHRA

Defendants argue that the Court should dismiss Thomas's PHRA claims because Thomas failed to cooperate with the PHRC's investigation and therefore has failed to exhaust her administrative remedies.[1] *See* ECF No. 12 at 12-16; ECF No. 14 at 15-18. To exhaust claims brought under the PHRA, a plaintiff must file a complaint with the PHRC and give the PHRC one year to investigate. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001). If the PHRC has not resolved the complaint after one year, the plaintiff has

---

[1] Thomas responds in part that the Court should not consider exhaustion arguments raised in a Rule 12(b)(6) motion. *See* ECF No. 17 at 7-9; ECF No. 18 at 7-9. However, the Court can consider exhaustion arguments raised in a 12(b)(6) motion where it is clear from the "face of the complaint" and documents properly considered that a plaintiff has failed to exhaust her administrative remedies, including where the failure to exhaust arises from a plaintiff's failure to cooperate with an administrative investigation. *See Jones v. De. River Stevedores, Inc.*, Civ. Action No. 18-4276, 2019 WL 498517, at *3 (E.D. Pa. Feb. 7, 2019) (granting motion to dismiss PHRA claim for failure to exhaust because one-year investigation period had not expired); *Ellis v. Mohenis Servs., Inc.*, No. Civ. A. 96-6307, 1997 WL 364468, at *3 (E.D. Pa. June 18, 1997) (observing—while finding that plaintiff's ADA claim survived a motion to dismiss for failure to exhaust—that plaintiff had failed to "invoke" the PHRA because "Plaintiff's attorney . . . sent a letter requesting that the PHRC not go forward with its investigation"); *see also Wood v. Cent. Parking Sys. of Pa., Inc.*, No. Civ. A. 99-3022, 2000 WL 873310, at *3-4 (E.D. Pa. June 23, 2000) (granting motion to dismiss for failure to exhaust EEOC remedies where the EEOC dismissed plaintiff's charge "for failing to cooperate with its investigation"); *Kozlowski v. Extendicare Health Servs., Inc.*, No. 99-4338, 2000 WL 193502, at *2 (E.D. Pa. Feb. 17, 2000) (granting motion to dismiss for failure to exhaust EEOC remedies where plaintiff "failed to cooperate" with its investigation by failing to "respond to [an] EEOC[] letter requesting information"); *Gazzerro-Langford v. Shinseki*, Civ. Action No. 12-2059, 2013 WL 125675, at *2-4 (E.D. Pa. Jan. 9, 2013) (granting motion to dismiss for failure to exhaust administrative remedies where U.S. Department of Veterans Affairs dismissed plaintiff's claims for "failure to cooperate in the Department's administrative investigation").

exhausted her administrative remedies under the PHRC and can sue even if the plaintiff does not have notice of the right to sue. *See Burgh*, 251 F.3d at 471.

However, administrative exhaustion under the PHRA requires "more than the filing of a complaint; it includes the good faith use of the procedures provided for the disposition of the complaint." *See Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431, 454 (Pa. Super. Ct. 1980)). Therefore, a plaintiff has not exhausted her administrative remedies under the PHRA if the plaintiff failed to cooperate with the PHRC's investigation. *See Vasoli v. Yards Brewing Co., LLC*, Civ. Action No. 21-2066, 2022 WL 1423663, at *3-5 (E.D. Pa. May 5, 2022) (noting that courts should "generally defer to [an] agency's findings" regarding whether the plaintiff participated in the investigation in good faith, and that when an agency closes a case because plaintiff failed to cooperate, "then the claims are barred for failure to exhaust").

Here, Thomas claims that she exhausted her PHRA administrative remedies because she filed a complaint with the EEOC and the PHRC and received a right-to-sue letter from the EEOC. *See* ECF No. 1 at ¶ 5. However, Defendants have attached documents[2] that show that the PHRC dismissed Thomas's complaint before the one-year investigation period had expired because Thomas failed to cooperate with its investigation. *See Burgh*, 251 F.3d at 471. The Court should defer to the PHRC's finding that Thomas failed to cooperate with its investigation.

---

[2] The Court can consider EEOC and PHRC documents that Defendants attached to their briefs without converting Defendants' motions to dismiss into motions for summary judgment. *See Rogan*, 113 F. Supp. 2d at 780, 782; *Paytas*, 2014 WL 1683276, at *2.

The administrative complaint attached to Defendants' motions show that Thomas originally dual filed her charge with the EEOC and the PHRC on March 27, 2023. ECF No. 12-4; ECF No. 14-4. Defendants have also attached a March 22, 2024 letter from the PHRC informing the parties that the PHRC was closing Thomas's case—before the one-year mark—because she "failed to cooperate with one or more aspects of the investigation." *See* ECF No. 12-8; ECF No. 14-9.

*See Vasoli*, 2022 WL 1423663, at *3-5.  Therefore, the Court will grant both Defendants' motions to dismiss Thomas's PHRA claims for failure to administratively exhaust with prejudice.[3]

### B.    12(b)(6) – Administrative Exhaustion Under Title VII and the ADA

Defendants also argue that the Court should dismiss Thomas's Title VII and ADA claims because Thomas failed to cooperate with the PHRC's investigation.  *See* ECF No. 12 at 12-16; ECF No. 14 at 15-18.  To exhaust administrative remedies under Title VII and the ADA,[4] a plaintiff must file a charge of discrimination with the EEOC and give the EEOC at least 180 days to investigate the charge.  *See Burgh*, 251 F.3d at 470.  If the EEOC has not resolved the charge after 180 days, the plaintiff is entitled to a "right-to-sue letter."  *Id.*  Once the EEOC issues a right-to-sue letter, then the plaintiff typically "has exhausted administrative remedies."  *See id.*

As with PHRA claims, there is no administrative exhaustion for Title VII and ADA claims when a plaintiff fails to cooperate with an EEOC investigation.  *See McLaughlin v. State Sys. of Higher Educ.*, No. CIV. A. 97-CV-1144, 1999 WL 239408, at *2 (E.D. Pa. Mar. 31, 1999) (failing to cooperate "thwart[s] the policy [underlying] the enactment of Title VII" (quotation omitted)); *see also Wood v. Cent. Parking Sys. of Pa., Inc.*, No. Civ. A. 99-3022, 2000 WL 873310, at *3-4 (E.D. Pa. June 23, 2000); *Kozlowski v. Extendicare Health Servs., Inc.*, No. 99-

---

[3] The Court must allow Thomas to amend her complaint "unless amendment would be inequitable or futile."  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Amendment is futile if the plaintiff would still "fail to state a claim upon which relief could be granted" even after amendment.  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted).  Here, amendment is futile because the PHRC's closure letter shows that it dismissed Thomas's claim because she "failed to cooperate with one or more aspects of the [PHRC's] investigation."  *See* ECF No. 12-8; ECF No. 14-9.  Therefore, the Court will dismiss Thomas's PHRA claims with prejudice.  *See Kozlowski*, 2000 WL 193502, at *2-3 (dismissing Title VII claim with prejudice because "[t]he EEOC concluded that the plaintiff failed to cooperate with its investigation"); *Vasoli*, 2022 WL 1423663, at *3-5.

[4] Title VII's administrative enforcement procedures also apply to ADA claims.  *See MacVaugh v. Cnty. of Montgomery*, 301 F. Supp. 3d 458, 463 n.28 (E.D. Pa. 2018).

4338, 2000 WL 193502, at *2 (E.D. Pa. Feb. 17, 2000). Some courts have found that this rule applies even where the plaintiff has a right-to-sue letter. *See Wood*, 2000 WL 873310, at *5 (noting a right-to-sue letter is "merely an administrative mechanism" and "mere receipt of a right-to-sue notice does not establish administrative exhaustion"); *McLaughlin*, 1999 WL 239408, at *2.

Still, it is not clear at this stage that Thomas failed to exhaust her administrative remedies under Title VII and the ADA. Even though a right-to-sue letter alone might not establish administrative exhaustion, Thomas did receive one from the EEOC. ECF No. 12-7; ECF No. 14-8. Additionally, the PHRC—and not the EEOC—determined that Thomas did not cooperate with its investigation. *See* ECF No. 12-8; ECF No. 14-9. Although the EEOC transferred Thomas's case to the PHRC "for investigation pursuant to its Worksharing Agreement," it is unclear from the filings whether the PHRC's findings apply to the EEOC's investigation or affect Thomas's Title VII and ADA claims. *See* ECF No. 12-6; ECF No. 14-5 (October 26, 2023 letter transferring case to PHRC); ECF No. 12-7; ECF No. 14-8 (February 9, 2024 notice of right to sue stating that the "EEOC is terminating its processing of this charge"); ECF No. 12-8; ECF No. 14-9 (March 22, 2024 PHRC letter suggesting the failure to cooperate occurred outside of the EEOC's 180-day investigation period). Therefore, the Court will deny both Defendants' motions to dismiss Thomas's Title VII and ADA claims for failure to administratively exhaust.

C. **12(b)(6) – Whether the Joint Apprenticeship Fund Was Thomas's Employer**

Thomas alleges that the Joint Apprenticeship Fund was her employer. *See, e.g.*, ECF No. 1 at ¶ 13. The Joint Apprenticeship Fund argues that it was not, and that instead third-party contractors employed Thomas and were responsible for the discriminatory acts Thomas alleged in her complaint. *See* ECF No. 12 at 21.

Courts in the Third Circuit use the factors identified in *Nationwide Mutual Insurance Company v. Darden* to determine whether there is an employment relationship under Title VII and the ADA[5] with a focus on "the level of control the defendant[s] . . . exerted over the plaintiff: which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities." *See Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013) (quotation omitted).[6] Because "the precise contours of an employment relationship can only be established by a careful factual inquiry," the issue of whether there is an employment relationship "generally require[s] resolution at the summary judgment stage, rather than at the motion to dismiss stage." *See Wash. v. Client Network Servs. Inc.*, 590 F. App'x 126, 130 (3d Cir. 2014) (first quoting *Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997); and then quoting *Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 768 n.5 (3d Cir. 2013), *cert denied.*, 571 U.S. 954 (2013)).

---

[5] "The existence of an employment relationship under the ADA similarly 'focus[es] on the common-law touchstone of control.'" *See Doe v. Pa.*, 582 F. Supp. 3d 206, 213 (M.D. Pa. Jan. 26, 2022) (quoting *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448-49 (2003)) (considering whether there is an employment relationship under Title VII and the ADA together).

[6] The full list of factors identified in *Darden* include:

> [T]he hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)).

Here, Thomas has pled sufficient facts to show that the Joint Apprenticeship Fund was her employer. Thomas claims that the Joint Apprenticeship Fund "assigned and directed [her] to work off-site for various third-party contractors under the direction and control of [its] foreman and shop stewards," that the Joint Apprenticeship Fund required her to "take educational classes related to her apprenticeship," that Thomas was required to follow the Joint Apprenticeship Fund's "work rules and policies whether assigned to a contractor or not," that the Joint Apprenticeship fund "paid [her] directly" when she was not assigned to a contractor, and that the Joint Apprenticeship Fund terminated her apprenticeship. *See* ECF No. 1 at ¶¶ 15-17, 45-46, 48-50. Because Thomas has alleged facts suggesting that the Joint Apprenticeship Fund was her employer, the Court will deny the Joint Apprenticeship Fund's motion to dismiss based on this ground.

**D.    12(b)(6) – Whether the Union Was Thomas's Employer**

Thomas claims that the Union was also her employer. *See* ECF No. 1 at ¶ 13; ECF No. 1 at ¶ 10 (claiming the Union and Joint Apprenticeship Fund "may be treated as a single/integrated and/or joint employer"). In response, the Union argues that it is a "separate legal entity" and therefore not a joint employer with the Joint Apprenticeship Fund. *See* ECF No. 14 at 19-21; ECF No. 23 at 8-10. However, whether the Union is a separate legal entity has no bearing on whether it is a joint employer. *See Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015) ("Two entities may be 'co-employers' or 'joint employers' of one employee for purposes of Title VII" (quoting *Graves*, 117 F.3d at 727)); *Plaso v. IJKG, LLC*, 553 F. App'x 199, 204-05 (3d Cir. 2014) (noting that a joint employer relationship exists when "two entities exercise

significant control over the same employees" and providing factors used to determine whether the entities exercise significant control (quoting *Graves*, 117 F.3d at 727)).[7]

Thomas has alleged sufficient facts to show that the Union was her employer, and that the Union was responsible for the discrimination she alleged in her complaint. *See* ECF No. 1 at ¶¶ 15-17, 20-25, 31-34, 36-42, 45-46, 49-50. As a result, the Court will deny the Union's motion to dismiss. *See id.* ¶¶ 8-9, 10, 15-17, 45-46, 48-50; *Wash.*, 590 F. App'x at 130 (vacating district judge's decision to grant motion to dismiss because plaintiff alleged facts that "arguably suggest[] that [defendant] could be deemed [plaintiff's] employer"); *Hartman v. Chestnut Hill Coll.*, No. Civ. A. 00-1400, 2000 WL 1016655, at *2 (E.D. Pa. July 7, 2000) (noting it was "premature to dismiss the complaint" where plaintiff alleged that defendant was responsible for her termination because viewing the allegation "in a light most favorable to plaintiff" the defendant could be a joint employer).

### E.    12(b)(7) – Whether Thomas Failed to Join an Indispensable Party

Both the Joint Apprenticeship Fund and the Union argue that Thomas's complaint should be dismissed under Rule 12(b)(7) because Thomas failed to join the third-party contractors she worked for as an apprentice. *See* ECF No. 12 at 24; ECF No. 14 at 24. To determine whether a plaintiff failed to join a party under Rule 19, courts consider (1) whether the absent party is necessary and should be joined based on the "qualifications under Rule 19(a)(1)(A) and

---

[7] Courts consider the following factors to determine whether "an entity exercises significant control with another employer": (1) "the entity's 'authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours"; (2) the entity's "day-to-day supervision of employees, including employee discipline"; and (3) the entity's "control of employee records, including payroll, insurance, taxes and the like." *See Plaso*, 553 F. App'x at 204-05.

10

(a)(1)(B),"[8] (2) if yes, whether joinder is feasible, and (3) if joinder is not feasible, whether the action "should continue in the party's absence or be dismissed" because the party is indispensable. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 233 (3d Cir. 2023); *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007) (describing the first and third inquiries as whether the parties are necessary and indispensable).

Both Defendants appear to make their arguments under Rule 19(a)(1)(A) and Rule 19(a)(1)(B)(i). *See* ECF No. 12 at 24 (claiming third-party contractors are necessary for complete relief); ECF No. 14 at 23 (same); ECF No. 22 at 10 (claiming third-party contractors need to be joined to protect their interests); ECF No. 14 at 24 (same). Accepting Thomas's factual allegations as true, the third-party contractors are not necessary parties under either Rule 19(a)(1)(A) or Rule 19(a)(1)(B)(i) because all of Thomas's allegations are directed toward the Joint Apprenticeship Fund and the Union. *See* ECF No. 1; *see also Pittsburgh Logistics Sys., Inc.*, 669 F. Supp. 2d at 618 (denying motion in part because the complaint "does not state any allegations against the Absent Parties"); *Jackson v. United Airlines, Inc.*, 32 F. Supp. 3d 557, 567-68 (E.D. Pa. 2014) (same).

Further, the third-party contractors are not necessary parties under Rule 19(a)(1)(B)(i) because they have not claimed an interest. *See* FED. R. CIV. P. 19(a)(1)(b); *but see Epsilon Energy USA, Inc.*, 80 F.4th at 233, 233 n.13 (implying that the absent party typically must claim

---

[8] An absent party is necessary under Rule 19(a) if: (1) the Court "cannot accord complete relief among existing parties" without the absent party, (2) if the absent party "claims an interest relating to the subject of the action and . . . disposing of the action in the [party's] absence may . . . impair or impede the [party's] ability to protect the interest," or (3) the absent party "claims an interest relating to the subject of the action and . . . disposing of the action in the [party's] absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1)(A), 19(a)(1)(B)(i), 19(a)(1)(B)(ii); *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 229 (3d Cir. 2023).

11

an interest but that "district courts possess power to protect the interests of absent parties"). That evidence gathered during this litigation might be used against them in the future also does not make them necessary parties. *Cf. Huber v. Taylor*, 532 F.3d 237, 250-51 (3d Cir. 2008) (noting Rule 19(a)(1)(B)(i)'s requirements are not satisfied just because the fact that "issue preclusion" against absent parties "is possible").[9]

Because Defendants have not shown that the absent parties are necessary, the Court does not need to consider whether they can feasibly be joined or whether they are indispensable. *See Eaton v. XPO Logistics Worldwide, Inc.*, Civil No. 19-cv-01518, 2020 WL 2847863, at *3 (M.D. Pa. June 2, 2020) (citing *Gen. Refractories Co.*, 500 F.3d at 312). Therefore, the Court will deny Defendants' motions to dismiss under Rule 12(b)(7).

---

[9] The Court may "consider evidence outside of the pleadings" when reviewing a Rule 12(b)(7) motion to dismiss. *See Pittsburgh Logistic Sys.*, 669 F. Supp. 2d at 618. Although Defendants submit declarations and documents to argue that the third-party contractors are Thomas's employers, this evidence only creates a factual dispute regarding Thomas's true employers that the Court must resolve in Thomas's favor at this stage. *See* ECF No. 22-2; ECF No. 14-1; ECF No. 23-1; ECF No. 14-2; *Eaton v. XPO Logistics Worldwide, Inc.*, Civil No. 19-cv-01518, 2020 WL 2847863, at *4 (M.D. Pa. June 2, 2020) (resolving fact dispute that named party created with a declaration by drawing inferences in plaintiff's favor). For example, the Court may infer that the Joint Apprenticeship Fund, the Union, and the absent contractors all jointly employed Thomas, in which case the absent contractors still are not necessary. *See Eaton*, 2020 WL 2847863, at *4-5.

## IV. CONCLUSION

The Court will grant Defendants' motion to dismiss Thomas's PHRA claims with prejudice. However, the Court will deny Defendants' motion to dismiss Thomas's Title VII and ADA claims.

An appropriate order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.